I concur in the majority's analysis and disposition of appellant's first and third assignments of error. I further concur in the majority's disposition of appellant's second assignment of error, but do so for a different reason. Unlike the majority, I find the trial court's conclusion appellee's receipt of social security disability was not a substantial change of circumstances involves a conclusion of law, not a question of fact. Appellant did not object to the magistrate's factual finding appellee had been granted social security disability in the amount of $360 per month since the divorce decree. (Magistrate Decision filed 10/21/98, Nos. 4 and 7). Rather, appellant challenged the magistrate's legal conclusion such receipt did not constitute a substantial change of circumstance. Accordingly, I find appellant's failure to provide the trial court with the transcript before the objection hearing did not violate Civ.R. 53(E) and the presumption of regularity in Knapp does not apply. Nevertheless, I concur in the decision to overrule appellant's second assignment of error. The trial court did not abuse its discretion in concluding appellee's receipt of social security disability in the amount of $4320.00 a year, offset by appellee's loss of earned income in the amount of $3,504.00 per year, is insufficient to constitute a substantial change in circumstance.